# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | **CASE NO. 3:21-CR-24-M** |
| | § | |
| PRESTON MICHAEL LONG- | § | |
| LAMOUREUX (1) | § | |

## FACTUAL RESUME

In support of the defendant's plea of guilty to Count One and Two of the two count Indictment charging a violation of 18 U.S.C. § 1028(f), 18 U.S.C. § 1028(a)(7), and 18 U.S.C. § 1028(b)(1) and 18 U.S.C. 1028(a)(7) and 1028(b)(1), **PRESTON MICHAEL LONG-LAMOUREUX** ("Mr. Long-Lamoureux"), and his attorney, Juan G. Rodriguez, stipulate and agree to the following:

### I.    ELEMENTS OF THE OFFENSE

### COUNT ONE

The elements of a violation of 18 U.S.C. § 1028(f) are as follows:

1.    That the defendant and at least one other person, directly or indirectly, reached an agreement to commit identity theft crimes, as defined in 18 U.S.C. § 1028(a)(7);

2.    That the defendant knew of the unlawful purpose of the agreement; and

3.    That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose.

The elements of a violation of 18 U.S.C. § 1028(a)(7) are as follows:

1.    That the defendant knowingly transferred, possessed, or used a means of identification of another person;

2.    That such transfer, possession, or use of a means of identification of another person was in and affecting interstate or foreign commerce;

1

3.     That the defendant acted without lawful authority;

4.     That the defendant knew that the means of identification belonged to another person;

5.     That the defendant acted with the intent to commit a violation of state law, including Fraudulent Use or Possession of Identifying Information, in violation of Texas Penal Code § 32.51(b); and

6.     That the defendant did so in order to obtain anything of value aggregating $1,000 or more during any one-year period.

## COUNT TWO

The elements of a violation of 18 U.S.C. § 1028(a)(7) are as follows:

1.     That the defendant knowingly transferred, possessed, or used a means of identification of another person;

2.     That such transfer, possession, or use of a means of identification of another person was in and affecting interstate or foreign commerce;

3.     That the defendant acted without lawful authority;

4.     That the defendant knew that the means of identification belonged to another person;

5.     That the defendant acted with the intent to commit a violation of state law, including Fraudulent Use or Possession of Identifying Information, in violation of Texas Penal Code § 32.51(b); and

6.     That the defendant did so in order to obtain anything of value aggregating $1,000 or more during any one-year period.

## II.     PUNISHMENT FOR THE OFFENSE

### COUNT ONE

Sentence: The maximum penalties a sentencing court can impose for Count One include:

1.     imprisonment for a period not to exceed fifteen years;

2.     a fine not to exceed $250,000 or twice any pecuniary gain to Mr. Long-Lamoureux or loss to the victim(s);

3.  the sentencing court may impose a term of supervised release not to exceed three years; if Mr. Long-Lamoureux violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

4.  a mandatory special assessment of $100;

5.  restitution to victims or to the community;

7.  forfeiture of property; and

8.  costs of incarceration and supervision.

## COUNT TWO

Sentence: The maximum penalties a sentencing court can impose for Count Two include:

1.  imprisonment for a period not to exceed fifteen years;

2.  a fine not to exceed $250,000 or twice any pecuniary gain to Mr. Long-Lamoureux or loss to the victim(s);

3.  the sentencing court may impose a term of supervised release not to exceed three years; if Mr. Long-Lamoureux violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

4.  a mandatory special assessment of $100;

5.  restitution to victims or to the community;

6.  forfeiture of property; and

7.  costs of incarceration and supervision.

## III.   SENTENCING IN THIS CASE

Mr. Long-Lamoureux has discussed the Federal Sentencing Guidelines with his attorney and understands that the sentence in this case will be imposed by the district court after it has considered the applicable statutes, the Sentencing Guidelines, and the factors included in §3553(a). However, neither the Guidelines nor §3553(a) are binding and the district court, in its discretion, may sentence Mr. Long-Lamoureux to the statutory maximum penalties, if that is a reasonable

sentence.   Mr. Long-Lamoureux understands that if the district court imposes a sentence greater than he expects, he will not be able to withdraw his plea of "guilty" based solely upon that higher sentence as long as the sentence is within the statutory maximum punishment.   Congress has abolished parole so if the district court sentences Mr. Long-Lamoureux to a term of imprisonment, he understands that he will not be released on parole.

Mr. Long-Lamoureux understands that the sentencing court may order that he serve the punishments for Counts One and Two consecutive to one another, which means that Mr. Long-Lamoureux faces a statutory maximum of 30 years imprisonment for both counts.   The aforementioned also applies to the potential fine, the special assessment, and the terms of supervised release.

Mr. Long-Lamoureux further understands that the offense to which he is pleading guilty is a felony, and conviction for such a felony will deprive him of important constitutional and civil rights, which include, *inter alia*, the right to vote, the right to hold public office, the right to sit on a jury, and the right to actually or constructively possess a firearm.

## IV.    CONSTITUTIONAL RIGHTS AND WAIVER OF THOSE RIGHTS

Mr. Long-Lamoureux understands that he has the following constitutional rights:

      a.     the right to plead not guilty to the charged offense;

      b.     the right to have a speedy trial by a jury;

      c.     the right to have his guilt proven beyond a reasonable doubt;

      d.     the right to confront and cross-examine witnesses and to call and subpoena witnesses and material in his defense; and

      e.     the right to not be compelled to incriminate himself.

Mr. Long-Lamoureux waives the aforementioned rights and pleads guilty to the offense alleged in Count One and Two of the two count Indictment charging him with violating 18 U.S.C.

§ 1028(f) and (a)(7) and §18 U.S.C. 1028(a)(7).  Mr. Long-Lamoureux understands the nature and the elements of the offense for which he is pleading guilty and agrees that the following stipulated facts are true and will be submitted as evidence.

## V.   <u>STIPULATED FACTS</u>[2]

Mr. Long-Lamoureux admits that beginning in or around October of 2019 and continuing until in or around June of 2020, in the Dallas Division of the Northern District of Texas, he knowingly combined, conspired, confederated and agreed together, with codefendant Christine Kay Mosley and others, to knowingly transfer, possess, and use, without lawful authority, more than one means of identification of another person with the intent to commit a violation of state law, including Fraudulent Use or Possession of Identify Information, in violation of Texas Penal Code § 32.51(b), in order to obtain anything of value aggregating $1,000 or more during any one-year period. Specifically, Mr. Long-Lamoureux admits that he and others would steal items from the United States Mail, including checks, money orders, correspondence containing the means of identification of real individuals, and other items in order to accomplish the purpose of the conspiracy. This conduct violates 18 U.S.C. § 1028(f), (a)(7), and (b)(1).

Mr. Long-Lamoureux admits that on or about April 6, 2020, in the Dallas Division of the Northern District of Texas, he did knowingly transfer, possess, and use, in or affecting interstate or foreign commerce, without lawful authority, a means of identification of another person, to wit, the social security number of M.W., knowing that the means of identification belonged to another actual person, with the intent to commit, or to aid or abet, or connection with any unlawful activity that constitutes a felony under applicable state or local law, to wit: Fraudulent Use or Possession

---

[2]Mr. Long-Lamoureux understands that the district court is not limited to considering only these stipulated facts but may consider facts for which Mr. Long-Lamoureux did not stipulate.  <u>Cf.</u> 18 U.S.C. §§ 3553(a); 3661; <u>United States v. Pepper</u>, 131 S. Ct. 1229, 1235-51 (2011).

of Identify Information, in violation of Texas Penal Code § 32.51(b), in order to obtain anything of value aggregating $1000 or more during any one year period. Specifically, Mr. Long-Lamoureux fraudulently possessed and used the social security number of M.W. during and related to the securing of a lease of an apartment at the Parkford Oaks Apartment Complex. This conduct violates 18 U.S.C. § 1028(f), (a)(7), and (b)(1).

## VI.   VOLUNTARINESS OF THE PLEA OF GUILTY

Mr. Long-Lamoureux has thoroughly reviewed his constitutional rights, the facts of his case, the elements of the offense of conviction, the statutory penalties, the Sentencing Guidelines[3] and §3553(a) with his attorney. Mr. Long-Lamoureux has received satisfactory explanations regarding every aspect of this document and the alternatives to signing this document, and he is satisfied with his attorney's representation of him. Mr. Long-Lamoureux concedes that he is guilty of Count One and Count Two of the two count Indictment, and he concludes that it is in his best interest to plead guilty instead of going to trial.

AGREE TO AND SIGNED this _10_ day of ___June___, 2022.

_____
**PRESTON MICHAEL LONG-LAMOUREUX**
Defendant

_____
**JUAN G. RODRIGUEZ**
Attorney for Mr. Long-Lamoureux

---

[3]Though undersigned counsel and Mr. Long-Lamoureux have discussed how the applicable chapters of the Federal Sentencing Guidelines will apply to Mr. Long-Lamoureux, and undersigned counsel and Mr. Long-Lamoureux have discussed the potential guideline range in his case, Mr. Long-Lamoureux understands that the conversations were about potential punishments and not a guarantee of what the punishment will be. Mr. Long-Lamoureux understands that only the district judge in his case will make that decision and that the decision will only be made at the sentencing hearing after the district judge has heard all of the evidence and arguments in his case.